UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARONICA WARREN,

                Plaintiff,      CIVIL CASE NO. 02-40034

v.

YPSILANTI HOUSING COMMISSION,      HONORABLE PAUL V. GADOLA
and JANINE S. SCOTT, Executive    U.S. DISTRICT JUDGE
Director of the Ypsilanti
Housing Commission,

                Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

On February 6, 2002, Plaintiff filed a complaint in this Court alleging seven causes of action against Defendants. Counts I and II allege violations of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (b). Count III alleges a violation of substantive due process under the United States Constitution. Count IV alleges a violation of 42 U.S.C. § 1983. Counts V and VI allege violations of the Elliott Larsen Civil Rights Act, Michigan Compiled Laws § 37.2502(b). Finally, Count VII alleges intentional infliction of emotional distress. Thus, Counts V, VI, and VII arise under state law. Plaintiff urges this Court to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). For the reasons set forth below, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss those claims without prejudice.

Under the standard enunciated in United Mine Workers v. Gibbs,

383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. See Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); Diven v. Amalgamated Transit Union Int'l & Local 689, 38 F.3d 598, 601 (D.C. Cir. 1994); Brazinski v. Amoco Petrol. Additives Co., 6 F.3d 1176, 1182 (7th Cir. 1993). But see Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447-48 (2d Cir. 1998) (holding that supplemental jurisdiction is presumptively mandatory and may only be declined where one of the four exceptions of § 1367(c) applies). In exercising its discretion, the Court must look to "considerations of judicial economy, convenience and fairness to litigants" and avoid needless decisions of state law. Gibbs, 383 U.S. at 726; see also C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving federal law claims together with supplemental state law claims has caused procedural and substantive problems. Although the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.

Because federal and state law each have a different focus, and because the two bodies of law have evolved at different times and in different legislative and judicial systems, in almost every case with supplemental state claims, the courts and counsel are unduly

preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, makes the jury instructions longer, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Thus, it appears that in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

For the foregoing reasons, this Court, on its own motion, shall dismiss without prejudice Plaintiff's state law claims.

Counsel for Plaintiff is hereby directed to Michigan Compiled Laws § 600.5856 regarding the tolling of the state statute of limitations. See Shrader, Inc. v. Ecclestone Chemical Co., 22 Mich. App. 213, 215 (1970).

Accordingly,

**IT IS HEREBY ORDERED** that Counts V, VI, and VII of the complaint are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that only Counts I, II, III, and IV remain before this Court.

SO ORDERED.

Dated: 3/9/02

HON. PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE